**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Andrade Gutierrez Engenharia S.A.,<br><br>     Debtors in a Foreign Proceeding. | **FOR PUBLICATION**<br><br>Chapter 15<br><br>Case No. 22-11425 (MG)<br><br>(Jointly Administered) |

**MEMORANDUM OPINION GRANTING FOREIGN REPRESENTATIVE'S MOTION
FOR PROVISIONAL RELIEF**

*A P E A R A N C E S :*

DAVIS POLK & WARDWELL LLP
*Counsel to the Foreign Representative*
450 Lexington Avenue
New York, NY 10017
By:    Timothy Graulich, Esq.
        James I. McClammy, Esq.
        David Schiff, Esq.
        Joshua Sturm, Esq.

FAEGRE DRINKER BIDDLE & REATH LLP
*Counsel to UMB Bank, N.A., as Indenture Trustee*
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
By:    James H. Millar, Esq.
        Laura E. Appleby, Esq.
        Kyle R. Kistinger, Esq.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel to Ad Hoc Group of Holders of 2021 and 2024 Notes*
One Liberty Plaza
New York, NY 10006
By:    Richard J. Cooper, Esq.
        Jane VanLare, Esq.

MASLON LLP
*Counsel to U.S. Bank as Indenture Trustee*
3300 Wells Fargo Center, 90 South Seventh Street
Minneapolis, MN 55402
By:    Clark Whitmore, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the "Motion" ECF Doc. # 8) of Gustavo Braga Mercher Coutinho (the "Foreign Representative"), the authorized foreign representative in respect of the recuperação extrajudicial proceeding (the "Brazilian EJ Proceeding") of Andrade Gutierrez Engenharia S.A. ("AGE") and its affiliated debtors, AG Construções e Serviços S.A. ("AGCS"), Andrade Gutierrez Investimentos em Engenharia S.A. ("AGIE"), Andrade Gutierrez International S.A. ("AGI"), and Zagope Sgps, S.A. ("Zagope") (collectively, the "Debtors") for an order granting the provisional relief pending final determination on the pending *Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Motion for Recognition.")  The objection deadline was November 1, 2022, at 5:00 P.M.  No objections were filed.

In support of this Motion, the Foreign Representative refers the Court to the statements contained in: (a) the *Declaration of Gustavo Coutinho in Support of the Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and Additional First Day Filings* (the "Foreign Representative Declaration," ECF Doc. # 5); (b) the *Declaration of Eduardo Augusto Mattar in Support of the Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and Additional First Day Filings* (the "Foreign Law Declaration," ECF Doc. # 6 and, together with the Foreign Representative Declaration and the Motion for Recognition, the "Supporting Documents"); and (c) the *Motion for Recognition* (ECF Doc. # 4).  The Coutinho and Mattar declarations were admitted in evidence at the hearing on November 2, 2022.

For the reasons explained below, the Motion is **GRANTED** and a separate order granting

provisional relief will be entered.

## I.   <u>BACKGROUND</u>

### A.   Motion

The Motion seeks an order granting the following provisional relief, pending a ruling on

the Motion for Recognition: a) providing that section 362 of the Bankruptcy Code applies with

respect to the Debtors and their property within the territorial jurisdiction of the United States;

(b) waiving compliance with Bankruptcy Rule 1007(a)(4)(B); and (c) granting such other and

further relief as Court deems just and proper (together, the "Provisional Relief").

### B.   The Debtors' Operations

The Debtors, along with other related entities and affiliates (the "AG Group"), are part of

a larger Brazilian corporate group.  (Foreign Rep. Decl. ¶ 6.)  The AG Group is one of the largest

engineering and heavy construction companies in Brazil and Latin America.  (*Id.*)  As of the EJ

Petition Date, as defined below, the Debtors directly employed approximately 1,657 employees,

all of whom are based in Brazil, and the broader AG Group (including the Debtors) directly and

indirectly employed approximately 13,200 employees worldwide, with approximately 89% of

such employees based in Brazil.  (*Id.*)  The AG Group (including the Debtors) is overseen by

corporate management in Brazil.  (*Id.* ¶ 9.)

### C.   The EJ Proceeding

An EJ proceeding is a court-supervised means of implementing an arrangement

negotiated between the debtor and its creditors.  (Foreign Law Declaration ¶ 8.)  It administers

the claims of all creditors whose claims are being restructured in a single proceeding.  (*Id.*)  It is

similar to a scheme of arrangement found in certain jurisdictions (e.g., the UK, The Cayman

Islands, or Bermuda) or a prepackaged chapter 11 case under the Bankruptcy Code. (*Id.*) In an EJ proceeding, a debtor may negotiate and agree, out-of-court, to an EJ plan with its creditors and then submit that plan to a competent Brazilian court for consideration and, if deemed acceptable, confirmation—as the Debtors did with the EJ Plan. (*Id.*)

On September 29, 2022 (the "EJ Petition Date"), the Debtors filed the Brazilian EJ Proceeding with the Brazilian Court. (Foreign Rep. Decl. ¶ 3.) On October 5, 2022, the Brazilian Court entered an order formally accepting the Debtors into the Brazilian EJ Proceeding (the "Initial Court Order"). (*Id.* ¶ 44.)

The Brazilian EJ Proceeding seeks confirmation of a consensual restructuring transaction reflected in a Brazilian restructuring plan (the "EJ Plan") that is already on file with the Brazilian Court and has been signed and supported by the holders of a majority of the Notes—the requisite majority required under Brazilian law. (Foreign Law Decl. ¶ 20.) The Foreign Representative contends that the EJ Plan, and the transactions contemplated thereby, are designed to preserve the Debtors' going-concern value and provide the Debtors with an additional liquidity runway. (Foreign Rep Decl. ¶¶ 29, 53.)

Under Brazilian Bankruptcy Law, the filing of the Brazilian EJ Proceeding triggered an initial automatic stay (lasting no less than 180 days) applicable to all claims subject to the Brazilian EJ Proceeding, including all claims for default or non-payment of the Notes (the "Brazilian EJ Stay"). (Foreign Law Decl. ¶ 19.) The Initial Court Order ratified the Brazilian EJ Stay. (*Id.* ¶¶ 20, 45.) It is the Foreign Representative's understanding that, absent the commencement of a case under chapter 15 of the Bankruptcy Code, the 2021 Trustee, defined below, would vigorously contest the application of the Brazilian EJ Stay to the litigation it has commenced in the United States, and seek reimbursement for fees it incurs in presenting such

arguments. (Foreign Rep Decl. ¶ 76.) As a result, the Motion for Recognition also explicitly

seeks a stay of proceedings in the United States and for the entrustment of the Debtors' property

in the United States to the Foreign Representative.

### D.    The Trustee Litigation

There is a suit (the "Trustee Litigation") pending against the Debtors, which was filed by

UMB Bank N.A., as trustee for a portion of the Notes subject to the Brazilian EJ Proceeding (the

"2021 Trustee") in the Supreme Court of the State of New York (the "New York Trial Court")

before Judge Andrea Masley in the Commercial Division. (*Id*. ¶ 33.) The Trustee Litigation is a

debt enforcement proceeding arising because of the nonpayment of the 2021 Notes. (*Id.*) At

times, the Trustee Litigation has been stayed by court order pursuant to the mutual agreement of

the parties. (*Id.*) However, the most recent stay of such proceedings expired on September 30,

2022. (*Id.*) The New York Trial Court has not ordered any further stay of proceedings, so the

matter is currently unstayed. (*Id.*) Further, briefing on a motion for summary judgment

concluded on March 3, 2022, and it is possible that the New York Trial Court would proceed

promptly to a ruling, which might result in the issuance of a judgment. (*Id.*)

The Debtors' September 30 Statement (as defined below) requested that, in light of the

filing of the Brazilian EJ Proceeding, the onset of the Brazilian EJ Stay, and the intent to

commence the Chapter 15 Cases as a condition to ultimately consummating the Debtors'

restructuring, the New York Trial Court (a) refrain from further proceedings at that time and (b)

grant comity to the Brazilian Court with respect to the initial automatic stay triggered by the

filing of the Brazilian EJ Proceeding until it is recognized in the United States. (*Id* ¶ 34.) On

October 18, 2022, the 2021 Trustee responded, indicating that it would be in a position to advise

the New York Trial Court as to whether it intends to move forward with the Trustee Litigation

(and whether it believes further briefing would be necessary) once the deadline to file objections

to the EJ Plan expired on November 9, 2022.  (*Id.*)  Nevertheless, on October 20, 2022, the New

York Trial Court directed briefing from the parties due by November 4.  (*Id.*)  Since this

direction for further briefing, counsel to the Debtors and the 2021 Trustee have engaged in

constructive discussions, and based on those discussions, the Debtors and the Foreign

Representative commenced these Chapter 15 Cases to avoid the continuation of contested

proceedings before the New York Trial Court at this time.  (*Id.*)  On October 28, 2022, the

Debtors and the 2021 Trustee wrote a letter to the New York Trial Court advising the court that

the parties entered a joint stipulation to adjourn the November 4, 2022 supplemental briefing

deadline to November 30, 2022, subject to the New York Trial Court's approval.  (*Id.*)  As of the

date hereof, the New York Trial Court has not approved that stipulated extension so briefing

remains due this coming Friday, November 4.  (*Id.*)  The Foreign Representative has also shared

drafts of certain of the First Day Filings, including this Motion, with counsel to the 2021 Trustee.

(*Id.* ¶ 78.)  The Foreign Representative understands that, at this time, the 2021 Trustee does not

intend to oppose this Motion (or recognition of the Brazilian EJ Proceeding in the United States)

absent direction from the 2021 Noteholders.  (*Id.*)

## II.  <u>LEGAL STANDARD</u>

Section 1519(a) of the Bankruptcy Code permits the Court to grant certain forms of

provisional relief in the gap period between the chapter 15 filing and recognition hearing "where

relief is urgently needed to protect the assets of the debtor or the interests of creditors."  In

determining whether provisional relief is appropriate, the Court applies the "standards,

procedure, and limitations" applicable for the entry of a preliminary injunction.  11 U.S.C. §

1519(e); *In re Beechwood*, 2019 WL 3025283, at *2 (Bankr. S.D.N.Y. July 10, 2019).  In the

context of a chapter 15 proceeding, a preliminary injunction is warranted when (a) there is a likelihood of success on the merits (*i.e.,* the request for recognition); (b) there is "an imminent irreparable harm" to the debtor if the preliminary injunction is not issued; (c) "the balance of harms tips in favor of the moving party"; and (d) "the public interest weighs in favor of an injunction." *Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*, 402 B.R. 571, 588–89 (Bankr. S.D.N.Y. 2009).

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quotation omitted). To satisfy this element, the plaintiff must demonstrate that, absent the injunction, it "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* Moreover, the "likelihood of success" element is satisfied in the context of a motion under section 1519 if the movant shows that it will likely obtain recognition of the foreign proceeding. *See In re Innua Can. Ltd.*, 2009 WL 1025088, at *3–4 (Bankr. D.N.J. 2009).

In addition, section 1522 of the Bankruptcy Code "states that relief can be granted, modified or terminated under section 1519, as the case may be, *only if* the interests of creditors and other interested parties are sufficiently protected." 1 COLLIER ON BANKRUPTCY ¶ 13.06 (16th ed. 2022). "A court may (but is not required to) condition relief on the posting of some form of security or a bond." *Id.*

### III.    DISCUSSION

#### A.    Preliminary Injunction

For the reasons explained below, the Foreign Representative has met its burden for a preliminary injunction and has established 1) irreparable harm; 2) that the balance of harms tips

in favor of the moving party; 3) a likelihood of success on the merits; and 4) that preliminary

junction is in the public interest.

### 1. Irreparable Harm

In the cross-border insolvency context, courts have recognized that irreparable harm

exists when local actions could hinder the orderly process of a foreign proceeding and the goal of

fair distribution of assets. *Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (stating that

"[a]s a rule, therefore, irreparable harm exists whenever local creditors of the foreign debtor seek

to collect their claims or obtain preferred positions to the detriment of the other creditors"). *See*

*also In re Berau Capital Res. PTE Ltd.*, No. 15-11804 (MG) (Bankr. S.D.N.Y. Aug. 6, 2015)

(ECF Doc. # 20, at 3) (granting provisional relief recognizing the risks of, among other things,

interference with the foreign debtor's "efforts to administer its estate and restructure its

operations pursuant to the [f]oreign [p]roceeding" and "undermining the [f]oreign

[r]epresentative's efforts to achieve an equitable result for the benefit of all of the [f]oreign

[d]ebtor's creditors and interest holders" in the absence of the requested relief).  Here, the

Foreign Representative has shown that because summary judgment in the Trustee Litigation has

been fully briefed since March, and because the action is not currently stayed, a decision could

come down at any time in favor of the 2021 Trustee.  Further, they note that because New York

state law permits attachment on an *ex parte* basis, the 2021 Trustee could, without notice, seek

attachment to the Debtors' property, which could put into jeopardy the pre-negotiated EJ Plan.

(Motion ¶ 29.)  Specifically, the Foreign representative notes that attachment could undermine

the contemplated *pari passu* treatment of affected creditors in the Brazilian EJ Proceeding and

potentially kill the Brazilian E.J. Plan.  (*Id.*)

*Beechwood*, where this Court found that the Foreign Representative had not established

irreparable harm for Chapter 15 provisional relief, is distinguishable.  2019 WL 3025283 at *1.

In *Beechwood*, the Debtors awaited a decision on a fully briefed motion seeking an order

requiring the Debtor to post additional security in the amount of $250 million.  *Id.*  This Court

found that the Foreign Representative had not established "imminent harm" because "the Foreign

Representative's argument that Beechwood will suffer irreparable harm would become moot if

[the district judge] decides the issue in Beechwood's favor" and "if [the district judge] decides

the issue against Beechwood, Beechwood would not suffer irreparable harm unless and until the

district court proceeds to enter a default judgment against Beechwood."  *Id.* at *2.  This Court

continued: "if a decision on recognition is still pending after [the district judge] rules but before a

default judgment is entered, this Court could decide then whether to grant provisional relief

staying the CNO claims in the district court."  *Id.*  But here, unlike in *Beechwood*, if the New

York State Court enters summary judgment in favor of the 2021 Trustee, an attachment order

could be entered *ex parte*, which would not give this Court a chance to reconsider provisional

relief prior to attachment.  *See In re OAS S.A.*, 533 B.R. 83, 89 (Bankr. S.D.N.Y. 2015) (noting

that certain holders of New York law-governed bonds issued by a Brazilian company had

"sought and obtained an *ex parte* order of attachment" in state court).  Further, in *Beechwood*,

unlike in this case, there was no pre-negotiated plan hanging in the balance that would be upset

by a judgment.  Here, even if unlikely, because an attachment could threaten the balance of the

Brazilian EJ Plan and because it is a harm that "cannot be remedied if a court waits until the end

of trial to resolve the harm," this risk constitutes imminent harm.  *Faiveley Transp. Malmo AB v.*

*Wabtec Corp.*, 559 F.3d at 118.

### 2.  Balance of Harms

The balance of harms tip in favor of the Foreign Representative.  Given that the 2021

Trustee does not oppose provisional relief, there does not seem to be harm to the 2021 Trustee to

granting a preliminary injunction.  (Motion ¶ 32.)  As to other creditors, the Foreign

Representative correctly notes that their rights to participate in the Brazilian EJ Proceeding are

preserved, and no creditor has objected to the requested relief.  (*Id.*)

### 3.  Likelihood of Success on the Merits

Initially, it appears that the Foreign Representative can satisfy the "likelihood of success"

factor because it has satisfied the requirements of 11 U.S.C. § 1517 and will likely obtain

recognition of its foreign proceeding.  Section 1517(a) of the Bankruptcy Code provides that the

court shall, after notice and a hearing, enter an order recognizing a foreign main proceeding if:

> (1) such foreign proceeding for which recognition is sought is a foreign
>     main proceeding . . . within the meaning of section 1502;
> (2) the foreign representative applying for recognition is a person or body;
>     and
> (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a).

The Brazilian EJ Proceeding is likely a foreign proceeding within the meaning of 11

U.S.C. § 101(23).  This Court, as well as other Courts in this district, have previously held that

EJs constitute foreign proceedings.  *In re Odebrecht Engenharia e Construção S.A.*, No. 20-

12741 (MEW) (Bankr. S.D.N.Y. Dec. 30, 2020) (ECF Doc. # 15) (recognizing an extrajudicial

reorganization proceeding under the Brazilian Bankruptcy Law); *In re Odebrecht Óleo E

GásSection S.A.*, No. 17-13130 (JLG) (Bankr. S.D.N.Y. Dec. 13, 2017) (ECF Doc. # 28) (same);

*In re Lupatech S.A.*, No. 16-11078 (MG) (Bankr. S.D.N.Y. May 26, 2016) (ECF Doc. # 15)

(same).  Section 101(23) requires that a "foreign proceeding" be (a) a collective judicial or

administrative proceeding relating to insolvency or adjustment of debt; (b) pending in a foreign

country; (c) under the supervision of a foreign court; and (d) for the purpose of reorganizing or

liquidating the assets and affairs of the debtor.  The Brazilian EJ Proceeding satisfies each of

these elements.

First, the Brazilian EJ Proceeding is a "collective proceeding" because the Brazilian

Court has exclusive jurisdiction over all matters relating to the claims being restructured and

administers all such claims.  (Motion for Recognition ¶ 60.)  Second, the Brazilian EJ proceeding

is pending in a foreign country: Brazil.  (*Id.* ¶ 61.)  Third, the Brazilian EJ proceeding is under

the supervision of the Brazilian Court, which must confirm any restructuring plan.  (Foreign Law

Declaration ¶ 8.)  Fourth, the Brazilian EJ Proceeding is for the purpose of reorganization of the

Debtors' Notes.  (*Id.* ¶¶ 6, 51.)

Further, the Foreign Proceeding is a "main proceeding."  A foreign main proceeding

"shall be recognized . . . if it is pending in the country where the debtor has the center of its main

interests."  11 § 1517(b)(1).  The center of main interests is likely in Brazil, as Debtor AGE, who

manages the operations of the AG Group, is headquartered in Brazil and each of their executive

officers is based in Brazil.  (Foreign Representative Declaration ¶ 7; 11 U.S.C. § 1516(c) ("In the

absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the

center of the debtor's main interests.")).  Additionally, Coutinho is a Foreign Representative

within the meaning of 11 U.S.C. §§ 101(24) & 1517(a)(2) duly authorized by the Chapter 15

Debtors' board.  1 COLLIER ON BANKRUPTCY ¶ 13.04 (16th ed. 2022.) (stating that "[w]here the

debtor remains in charge of its own affairs, the debtor itself might be able to appoint its own

representative for this purpose, without express court sanction").  Finally, the petition also

satisfies the requirement of section 1515 and Bankruptcy Rule 1007(4).  (Foreign Rep. Decl. ¶¶

67–71.)

### 4. Public Interest

Granting a preliminary injunction is also in the public interest. The Foreign Representative argues that "granting the Provisional Relief is consistent with the policy goals of chapter 15 by avoiding individual creditor actions, dissipation of the Debtors' estates, and the resulting inequitable distribution of property among creditors, the public interest also favors granting the relief sought herein." (Motion ¶ 33.) The Court agrees. Staying the Trustee Litigation will ensure that the Brazilian EJ Plan has the best chance of succeeding, which aligns with Chapter 15's goal to foster the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors." 11 U.S.C. § 1501(3).

### 5. Sufficient Protection

As required under section 1522(a) of the Bankruptcy Code, all parties are "sufficiently protected" for this Court to grant the Provisional Relief. 11 U.S.C. §1522(a); *see SPhinX, Ltd.*, 351 B.R. 103 at 112-13 (Bankr. S.D.N.Y 2006) (holding that section 1522 provides that the Court may grant or modify interim relief under section 1519 only if the interests of all parties are "sufficiently protected"). Relief under section 1519 of the Bankruptcy Code should be denied for a lack of sufficient protection only "if it is shown that the foreign proceeding is seriously and unjustifiably injuring United States creditors." H.R. Rep. No. 109-31, pt.1, at 116 (2005). Here, the rights of the 2021 Trustee are sufficiently protected because the 2021 Trustee will be able to participate in the Brazilian EJ Proceeding and that proceeding will provide for a comprehensive restructuring of all notes claims. (Motion ¶ 36.) As to other creditors besides the 2021 Trustee, because the EJ Plan, by its terms, requires an order granting effect in the United States, the Brazilian EJ Proceeding will necessarily be subject to further proceedings in this Court. (*Id.*)

Accordingly, parties affected by the Provisional Relief will have access to courts in both Brazil and the United States and are thus sufficiently protected.

### 6. Security

No security is required here. "[A] temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)['s requirement to give security]"). *See* FED. R. BANK. P. 7065. The Court has "wide discretion to set the amount of a bond [under Rule 65(c)], and even to dispense with the bond requirement." *Doctor's Assocs. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). Accordingly, the Court may, but does not have to, require the Foreign Representative to give security. Here, the Court agrees with the Foreign Representative that because the Debtors' primary assets are under the jurisdiction of the Brazilian Court and because the Provisional Relief will only be in effect until the Court rules on the Motion for Recognition, security is unnecessary.

### 7. Waiver of Rule 1007(a)(4)(b)

The Foreign Representative asks for a waiver of Bankruptcy Rule 1007(a)(4)(b), which requires a list of all entities against whom provisional relief is being sought. The list the Foreign Representative provides only includes the 2021 Trustee, so the Foreign Representative asks for waiver of Rule 1007(a)(4)(b) to the extent that the Provisional Relief could affect unknown parties. Because the Foreign Representative cannot be expected to anticipate every potential party that could seek to bring claims against them in the United States, these disclosures seem sufficient and waiver of Rule 1007(a)(4)(b), to the extent necessary, is proper.

## IV.   <u>CONCLUSION</u>

For the reasons explained above, the Motion is **GRANTED.**  A separate order granting

the relief will be entered.

**IT IS SO ORDERED.**

Dated:      November 3, 2022
            New York, New York

*Martin Glenn*
_____
MARTIN GLENN
Chief United States Bankruptcy Judge
