**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Andrade Gutierrez Engenharia S.A.,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-11425 (MG)<br><br>(Jointly Administered) |

**ORDER (I) GRANTING FULL FORCE AND EFFECT IN THE UNITED STATES TO THE BRAZILIAN EJ PLAN AND (II) GRANTING RELATED RELIEF**

Upon the *Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1521(a), and 1525(a) (I) Enforcing the Brazilian EJ Plan and (II) Granting Related Relief* (the "Motion")[2] of Gustavo Braga Mercher Coutinho (the "Foreign Representative"), the authorized foreign representative in respect of the *recuperação extrajudicial* proceeding (the "Brazilian EJ Proceeding") of Andrade Gutierrez Engenharia S.A. ("AGE") and its affiliated debtors, AG Construções e Serviços S.A. ("AGCS"), Andrade Gutierrez Investimentos em Engenharia S.A. ("AGIE"), Andrade Gutierrez International S.A. ("AGI"), and Zagope Sgps, S.A. ("Zagope") (collectively, the "Debtors") in the 1st Corporate Court of the Judicial Venue of Belo Horizonte (the "Brazilian Court") pursuant to Brazilian Federal Law No. 11,101 of February 9, 2005 (as amended, the "Brazilian Bankruptcy Law"), of the laws of the Federative Republic of Brazil ("Brazil"), for entry of a final order (this "Order"), pursuant to sections 105(a), 1507(a), 1521(a), and 1525(a) of title 11 of the United States Code, 11 U.S.C. sections 101, *et seq.* (the "Bankruptcy

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with each Debtor's tax identification or corporate registry number, are: Andrade Gutierrez Engenharia S.A. (Brazil – No. 17.262.213/0001-94) ("AGE"), AG Construções e Serviços S.A. (Brazil – No. 39.469.291/0001-05) ("AGCS"), Andrade Gutierrez Investimentos em Engenharia S.A. (Brazil – No. 17.027.611/0001-26) ("AGIE"), Andrade Gutierrez International S.A. (Brazil – No. 20.253.172/0001-84) ("AGI"), and Zagope Sgps, S.A. (Portugal – No. 507403177) ("Zagope").

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Code") (a) recognizing and enforcing the EJ Plan in the United States and giving full force and effect, and granting comity in the United States, to the Brazilian Confirmation Order, including to allow the Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States to take actions necessary to consummate the EJ Plan and transactions contemplated thereby; (b) permanently enjoining all entities (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States from (i) commencing, continuing, or taking any action in the United States that contravenes or would interfere with or impede the administration, implementation, and/or consummation of the Brazilian EJ Proceeding, EJ Plan, or Brazilian Confirmation Order including, without limitation, to obtain possession of, exercise control over, or assert claims against the Debtors or their property or (ii) taking any action against the Debtors or their respective property located in the territorial jurisdiction of the United States to recover or offset any debt or claims that are extinguished, novated, cancelled, discharged, or released under the EJ Plan, the Brazilian Confirmation Order, or as a result of Brazilian law; (c) authorizing and directing the Directed Parties,[3] and any successor trustees to take any and all actions necessary to give effect to the terms of the EJ Plan and transactions contemplated thereby, including, among other things, consummation of the new money investment as contemplated by the EJ Plan and the BCA (the "New Money Investment"), cancellation and discharge of the Notes and the Indentures, and the issuance of the New Notes; (d) exculpating and releasing the Directed Parties from any liability for any action or inaction taken in furtherance of, and/or in accordance with this Order or the EJ Plan, except for any liability

[3] "Directed Parties" means DTC (*i.e.*, the record holder of the global note representing all of the Notes) and the Trustees, including each of DTC and the Trustees' agents, attorneys, successors and assigns.

arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as determined by this Court; and (e) granting such other relief as the Court deems just and proper; and the Court having determined that the legal and factual bases set forth in the Motion, the Foreign Representative Declaration, Foreign Law Declaration, the Supplemental Foreign Representative Declaration, and all other pleadings and papers in these cases establishing just cause to grant the relief set forth herein and that such relief being in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court has the statutory and constitutional authority to issue a final ruling with respect to this matter. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Foreign Representative has standing to make this Motion.

D. The Foreign Representative and the Debtors, as applicable, are entitled to the relief granted hereby, including, without limitation, the additional assistance and discretionary relief requested in the Motion pursuant to section 1507 and 1521(a) of the Bankruptcy Code.

E. The Foreign Representative and the Debtors, as applicable, are entitled to the Court's cooperation under section 1525(a) of the Bankruptcy Code in implementing the EJ Plan in the form of relief granted by this Order on the terms provided herein. The terms of the EJ Plan before the Brazilian Court provided creditors and parties in interest with appropriate due process and are not manifestly contrary to U.S. public policy.

F. The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of Chapter 15 of the Bankruptcy Code and to protect the Debtors and the interests of their creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

G. The relief granted hereby (a) is essential to the success of the Brazilian EJ Proceeding and EJ Plan, (b) is an integral element of the Brazilian EJ Proceeding and the EJ Plan, and is integral to their effectuation, and (c) confers material benefits on and is in the best interests of the Debtors, their creditors, and parties in interest, including, without limitation, the Noteholders.

H. Specifically, (a) the cancellation of the Notes and the issuance of the New Notes and (b) the consummation of the New Money Investment are essential elements of the EJ Plan and are in the best interests of the Debtors and their creditors.

I. Absent the relief granted hereby, the Brazilian EJ Proceeding and the Debtors' efforts to consummate the EJ Plan could be impeded by the actions of certain creditors and/or other persons, a result that would be contrary to the purposes of Chapter 15 of the Bankruptcy Code as

set forth, *inter alia*, in section 1501(a) of the Bankruptcy Code. If taken, such actions could threaten, frustrate, delay, and ultimately jeopardize the Brazilian EJ Proceeding and implementation of the EJ Plan, and, as a result, the Debtors, their creditors, and such other parties in interest would suffer irreparable harm for which there is no adequate remedy at law.

J. Each of the injunctions contained in this Order (a) is within the Court's jurisdiction, (b) is necessary and appropriate to the success of the Brazilian EJ Proceeding, (c) confers material benefits on, and is in the best interests of the Debtors, and their creditors, and (d) is important to the overall objectives of the Debtors' restructuring.

K. Specifically, the injunctive relief set forth in this Order is appropriate and necessary to prevent the risk that the Brazilian EJ Proceeding may be thwarted by the actions of particular creditors, a result inimical to the purposes of Chapter 15 of the Bankruptcy Code as set forth in section 1501(a) of the Bankruptcy Code. Such actions could put in peril the Debtors' ability to successfully restructure.

L. The relief granted herein will not cause undue hardship or inconvenience to any party in interest, and to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, Debtors, their estates, and their creditors.

M. The Foreign Representative's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth in this Order.

2. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court at the hearing on the Motion, if any, or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Brazilian Confirmation Order and the EJ Plan and any amendments, modifications, and all exhibits to the EJ Plan, in each case subject to all terms, conditions, and limitations set forth therein, are hereby recognized, granted comity, and given full force and effect within the territorial jurisdiction of the United States and for purposes of U.S. law with respect to each of the Debtors, and each is binding on all creditors of the Debtors, including all Noteholders, the Directed Parties, and any of their respective successors and assigns, subject to the terms of this Order.

4. Except as provided by or that may be necessary to enforce the terms of the EJ Plan, the Brazilian Confirmation Order, or this Order, all entities (as such term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative, the Debtors, their respective expressly authorized representatives and agents in the United States, and the Ad Hoc Group (to the extent provided herein) are hereby permanently enjoined and restrained from:

(a) execution against any of the Debtors' assets in contravention of the terms of the EJ Plan, the Brazilian Confirmation Order, or this Order;

(b) the direct or indirect commencement or continuation, including the issuance or employment of process or discovery, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim (as such term is defined in section 101(5) of the Bankruptcy Code), which in either case in any way relates to, or would interfere with, the administration of the Debtors' estates in the Brazilian EJ Proceeding or the solicitation, implementation, or

consummation of the transactions contemplated by the EJ Plan, including, without limitation, the consummation of the New Money Investment, cancellation of the Notes and the issuance and distribution of the New Notes as provided hereunder;

(c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set off, or other claim against the Debtors or any of their property with respect to the Notes cancelled under the EJ Plan;

(d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as such term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative and his authorized representatives and agents in the United States or in any way attempting to obtain possession or control over any property of the Debtors, in each case, other than in a manner consistent with and/or not in contravention of the terms of the EJ Plan, the Brazilian Confirmation Order, or this Order;

(e) asserting any claims, commencing, or continuing any action or proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding, or process whatsoever), whether directly or by way of counterclaim (and from seeking discovery of any nature related thereto)) concerning or otherwise relating to (i) the Debtors' property, asserts, affairs, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) and 362 of the Bankruptcy Code or (ii) any debt or claims that are extinguished, novated, cancelled, discharged, or released under the EJ Plan, the Brazilian Confirmation Order, or as a result of Brazilian law, including, for the avoidance of doubt and without limitation, the Notes and the Indentures.

*provided*, in each case that such injunction shall be effective solely within the territorial jurisdiction of the United States.

5. The Directed Parties are directed and authorized to take any and all lawful actions necessary to give effect to and implement the EJ Plan and the Brazilian Confirmation Order and the transactions contemplated thereunder, including, without limitation, the consummation of the New Money Investment, cancellation and discharge of the Notes and the Indentures, and the issuance of the Type 1 New Notes and the Type 2 New Notes (as applicable), subject to the terms and conditions of the documents under which they have or will be appointed to act. Further, the Directed Parties are hereby authorized to take any other lawful action as instructed by, and at the expense of, the Debtors that may be necessary to cancel the Notes.

6. Subject to the continuing effectiveness of the EJ Plan and Brazilian Confirmation Order, and upon the issuance of the New Notes, the Indentures, Notes, instruments and certificates and other documents evidencing the Noteholders' claims and rights related thereto (including claims against the Trustees) shall be deemed satisfied, discharged, and cancelled automatically and of no force or effect; *provided however* that nothing in this Order shall affect (a) the indemnification rights of the Trustees under the Indentures or the rights of the Trustees and advisors to the Ad Hoc Group to be paid fees and expenses (including, for the avoidance of doubt, legal fees) and such other amounts owing thereto or permitted to be paid under the Indentures and related documents that are not discharged pursuant to the EJ Plan or Brazilian Confirmation Order, including fees and expenses incurred after the date hereof, or (b) the charging liens of the Trustees provided in Section 7.06 of the Indentures, which shall survive the entry of this Order pursuant to the terms of the Indentures. Upon cancellation, all remaining positions on account of the Notes on the books and records of the Trustees and DTC shall be terminated following the issuance of the New Notes.

7. Nothing in this Order shall limit the rights and privileges of the Ad Hoc Group under the BCA, including, for avoidance of doubt, under Section 8 of the BCA in the event of a Backstop Party Termination Event (as defined in the BCA).

8. The Trustees, including their agents, attorneys, successors and assigns, are authorized and directed to provide DTC with the customary documentation accepted by it, as applicable, in order to cancel and remove the Notes from DTC's records, as contemplated by the EJ Plan.

9. The Directed Parties shall incur no liability and be exculpated and released from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as, in each case as finally determined by this Court.

10. The Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including, without limitation, to implement the terms of the EJ Plan and related restructuring transactions (including, for the avoidance of doubt, consummation of the New Money Investment) and the Foreign Representative and the Debtors, as applicable, are authorized to use any property and to continue operating any businesses within the territorial jurisdiction of the United States.

11. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the EJ Plan or any order entered in these Chapter 15 Cases or in any adversary proceedings or contested matters in connection therewith, shall be deemed to constitute a waiver of the immunity afforded the Foreign Representative pursuant to sections 306 and 1510 of the Bankruptcy Code.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13. In no event shall this Order prevent the implementation of any amendments or modifications to the EJ Plan that may be agreed upon by and among the Debtors and the applicable creditors and approved by the Brazilian Court (or as otherwise permitted under applicable law).

14. A copy of this Order, confirmed to be true and correct, shall be served, within seven (7) business days of entry of this Order, upon the Notice Parties, with such service being good and sufficient service and adequate notice for all purposes.

15. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, enforcement, amendment, or modification of this Order.

**IT IS SO ORDERED.**

Dated: December 2, 2022
New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge